IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-3044 |
| ) | |
| CITY OF CHICAGO, Special Representative ) | Judge Elaine E. Bucklo |
| of the Estate of Former Chicago Police ) | |
| Detective MICHAEL POCHORDO, ) | Magistrate Judge Laura K. McNally |
| deceased, Special Representative of the Estate ) | |
| of Former Chicago Police Detective ) | |
| GEORGE ROTKVICH, JR., deceased, former ) | |
| Cook County ASA RICHARD BEUKE, ) | |
| former Cook County State's Attorney's ) | |
| Office Investigator NORFIE DICIOLLA, and ) | |
| COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT MOTION FOR ENTRY OF CONFIDENTIALITY PROTECTIVE ORDER[1]**

Defendants, by their attorneys, jointly move this Honorable Court, pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. §§ 160 and 164, for entry of Defendants' "Confidentiality Protective Order" ("CPO") (Ex. A).[2] In support thereof, Defendants state as follows:

**INTRODUCTION**

The parties agreed that a CPO is necessary but dispute certain language in paragraphs 2 and 6 of Defendants' proposed order. These disputes routinely arise as it relates to the handling and production of CR files and the redaction of certain personal identifying information ("PII"). *See, e.g., Gillespie v. Boudreau*, No. 24 C 8019, Dkt. 121 (N.D. Ill. July 24, 2025) (Ex. E); *Iglesias*

---

[1] Pursuant to this Court's standing order, the required Rule 37.2 certification is contained on page 16.
[2] A clean version of the CPO is attached as Exhibit A. The redlined version that is attached as Exhibit B shows Defendants' modifications to the ND IL Model Confidentiality Order.

1

*v. Guevera*, Case No. 19 C 6508, Dkt. 102 (Dec. 2, 2020) (Ex. C). As numerous Courts have sided with Defendants, Defendants respectfully request this Court enter Defendants' proposed CPO over Plaintiff's objections.

Plaintiff James Allen has sued the City of Chicago, Cook County, numerous police officers, a former Assistant State's Attorney, and an investigator from the Cook County State's Attorney's Office ("SAO"), alleging various federal and state law claims arising out of his arrest and prosecution for the 1984 murder of Robert Ciralsky. The parties anticipate documents containing confidential information relating to parties and non-parties will be sought in this matter, including disciplinary investigation files from the Chicago Police Department ("CPD") commonly referred to as Complaint Registers ("CRs"). Through a meet and confer process, counsel for the parties have discussed their proposed position regarding the confidentiality protective order. Although the parties were able to reach agreements on some of the proposed modifications of the NDIL Model Confidentiality Order, they remain at an impasse on certain provisions relating to the confidentiality of CRs, the redaction of personal information of City employees, and the redaction of information protected under the Juvenile Court Act. As the parties' discussions have failed to produce an agreed order, Defendants now seek the Court's intervention.

## BACKGROUND

The main dispute over Defendants' proposed CPO involves the treatment of police officer CR files. Defendants do not seek to prevent the production of relevant CR files for purposes of discovery in this matter. However, Defendants want to ensure proper protections are applied to the voluminous amounts of sensitive information that often are contained within those files, while at the same time facilitating the discovery process. Other provisions in Defendants' proposed order have also drawn objections from Plaintiff's counsel. Each of Defendants' proposed modifications

2

of the Model Confidentiality Order is discussed below, with a corresponding indication as to whether the proposed modification is agreed or disputed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Bond v. Utreras*, 585 F.3d 1061, 1067 (7th Cir. 2009). "Rule 26(c) allows a court to shield certain documents from the public where there is good cause to do so." *Bond*, 585 F.3d at 1074. The rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab. Ctr.*, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012). As noted above, the parties do not dispute that a protective order is appropriate in this case. The parties disagree on certain modifications to the protective order being proposed by Defendants.

## RELEVANT LAW

While court proceedings generally are open to public scrutiny, not all materials produced in discovery (but unfiled in court proceedings) may be freely available or disseminated to the public. Courts have consistently provided confidential protection for the kind of unfiled, sensitive documents at issue here. For instance, in *Seattle Times Co. v. Rhinehart*, the Supreme Court held that the public's right of access is limited to traditionally publicly available sources of information, and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." 467 U.S. 20, 33 (1984). The Supreme Court recognized that Rule 26(c) allows for protection from annoyance and embarrassment, and while Rule 26(c) does not contain a specific reference to privacy, privacy is "implicit in the broad purpose and language of the Rule." *Id*. at 35, n. 21.

3

The Seventh Circuit has consistently held that "[t]here are good reasons to treat the public's right to access filed and unfiled discovery materials differently." *Bond*, 585 F.3d at 1074-75. "Generally speaking, the public has no constitutional, statutory (rule based), or common-law right of access to *unfiled* discovery." *Id*. at 1073 (emphasis in original). The Seventh Circuit has since confirmed the importance of distinguishing between filed and unfiled discovery for purposes of confidential protection. *See*, *e.g.*, *Goesel v. Boley Int'l, Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). Citing its earlier decision in *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), the court in *Goesel* stated ". . . the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption.'" 738 F.3d at 833, citing *Baxter*, 297 F.3d at 548. As the *Baxter* court observed, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." 297 F.3d at 545. And as Judge Tharp explained in evaluating a proposed protective order submitted by the City, "the purpose of the discovery process governed by the Federal Rules of Civil Procedure is limited to the development of evidence relevant to the litigation, not to provide an alternative means for the public dissemination of governmental records . . ." Order, *Bailey v. City of Chicago*, No. 19 C 0197, Dkt. 58 (June 12, 2019) (Ex. D).

While Illinois statutes do not control this Court's determination, such statutes provide helpful guidance in determining whether there is good cause for defining various information contained within CR files as confidential. *See, e.g.*, *Johnson v. Kemps*, 2011 WL 2550507, at *2 (N.D. Ill. June 20, 2011). For example, although there is no longer a blanket exemption from public release for CR files. *See Kalven v. City of Chicago*, 2014 IL App (1st) 121846, 7 N.E.3d 741 (1st Dist. 2014), *overruled on other grounds by Perry v. Dep't of Fin. & Prof'l Regulation*, 2018 IL 122349, 106 N.E.3d 1016 (2018). Section 7 of IFOIA sets forth exemptions to public disclosure

4

of specific sensitive information often contained within CR Files. *See* 5 ILCS 140/7 *et. seq*. These include, *inter alia*, names of complainants and third parties, other private information of individuals, including social security numbers, personal addresses, and the like, and information that needs to be protected for safety and security reasons. *See*, *e.g.*, 5 ILCS 140/7 (1)(a); 5 ILCS 140/7 (1)(b); 5 ILCS 140/7 (1)(c); 5 ILCS 140/7 (1)(d). In addition, the Juvenile Court Act, 705 ILCS 405/1-1 *et. seq*. (protecting the disclosure of juvenile court records), the Illinois Identity Protection Act, 5 ILCS 179/10(b)(1) (protecting citizens from identity theft), and the Illinois Personnel Record Review Act, 820 ILCS 40/0.01 *et. seq*. (protecting the disclosure of certain employee personnel file information), mandate certain protections under Illinois law.

## DISCUSSION

Defendants' proposed CPO is consistent with the NDIL Model Confidentiality Order, along with the inclusion of additional language as discussed below. Defendants' proposed modifications are designed to facilitate and streamline the discovery process by allowing for the efficient, minimally redacted production of potentially voluminous CR files and other documents while maintaining the confidentiality of protected information contained within those documents.

1. **Proposed Additions to Paragraph 2 and Inclusion of Paragraph 5(b)(9)** (*Disputed*)

Defendants' modifications to paragraph 2 include additional definitions of and clarifications as to confidential information, specifically, the italicized portions below:

> **2. Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute*, including the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1, et seq*; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case;

> *(h) employment, disciplinary, or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses, and non-party employees of the City of Chicago., Cook County and other governmental agencies. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like, as well as personal and family information of police officers, and other governmental employees including residential information; and (i) any information contained within the following file materials that are otherwise prohibited from public disclosure by statute:*
>
> *Any disciplinary actions, against governmental employees, including but not limited to files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago police officers (generally referred to as "Log Number" files, "Complaint Register" (CR) files, "Universal" (U) files, or "Extraordinary Occurrence" (EO) files, or "Non-Disciplinary Intervention" (NDI) files) (collectively hereinafter referred to as "Log Files"), or by internal Chicago Police Department "Summary Punishment Action Requests" (SPARs). The parties reserve the right to seek greater protection of information or documents designated as Confidential Information through Court intervention or by agreement of the parties.*

*See* Ex. B, at ¶ 2. Additionally, Defendants proposed the removal of the following sentence from paragraph 2:

> Information or documents that are available to the public may not be designated as Confidential Information.

Defendants further propose the addition of paragraph 5(b)(9), which allows for the unredacted CR files produced subject to the Confidentiality Order to be utilized with third parties as long as they agree to be bound by the Confidentiality Order and Plaintiff does not allow any other third party or other individual to retain a copy as follows:

> **(9) Individuals interviewed in the course of litigation.** Individuals interviewed as part of a party's investigation in this litigation for whom disclosure is reasonably necessary for the purpose of that investigation. The only Confidential Information that may be disclosed to these individuals is information that is reasonably necessary to disclose for the purpose of investigation in this litigation and such information may be disclosed only after such persons have completed the certification contained in Attachment B, Acknowledgment of Understanding and Agreement to Be Bound. Such individuals may not retain any copy, including but not limited to electronic

6

>or physical duplications, of any documents or other materials containing Confidential Information

*See* Ex. B, at ¶5(b)(9).

Defendants' proposed CPO allows for the prompt disclosure of certain documents for the purposes of discovery (without the burdensome task of IFOIA redactions) while maintaining the integrity of the statutory protections afforded to these documents by marking them confidential.[3] Defendants' proposed Order also provides a framework, through paragraph 5(b)(9), to facilitate discovery by allowing Plaintiff to use and show otherwise confidential and minimally-redacted CR files to third parties in this litigation provided they agree to be bound by the Order and Plaintiff agrees not to leave a copy of these materials with any third-party witness.[4]

As it relates to the additional categories of documents to be designated as confidential, Defendants' position is that there is no public interest in City or SAO employees' personnel files, employment applications, disciplinary records, performance evaluations, or requests for medical leave. The question at this stage of the litigation is "whether the potential harm" to the individuals whose files are at issue "outweighs the importance of disclosure to the public" of discovery materials. *See Seattle Times*, 467 U.S. at 35 (there is a "substantial interest" in ensuring that the discovery process is not 'abuse[d]' such that it causes 'damag[e] to reputation.'"); *see also Prince v. Kato, et al.*, 18-CV-2952, 2019 WL 3554533, at *4 (N.D. Ill. July 30, 2019) (finding damage could be caused to City employees' privacy, security and reputations if their employment records

---

[3] Defendants acknowledge that *Kalven v. City of Chicago* removed the previous categorical exemption from FOIA for such files, but that did not remove the numerous protections for information within CR files and that decision also recognized the importance of screening the files for sensitive information, as well as an *in camera* review as necessary, prior to any public dissemination to ensure specific statutory protections are recognized and protected through proper redactions. 2014 IL App (1st) 121846, 7 N.E. 3d 741 (2014).

[4] Based on the meet and confer, it is Defendants' understanding that Plaintiff's primary objection to paragraph 5(b)(9) is that it may reveal attorney work product by identifying which individual has reviewed confidential material with Plaintiff's attorneys.

are disclosed to the public and that potential harm far outweighs any benefit of disclosing these documents to the public); *Lane v. Salgado*, 2014 WL 889306, at *2 (N.D. Ill. Mar. 5, 2014). In this case, damage could be caused to City or SAO employees' privacy, security, and reputations if their employment records are disclosed to the public, and that potential harm far outweighs any benefit of disclosing these employment documents to the public.

While some of the documents that fall into this proposed category may also be within the purview of other categories included in the Model Confidentiality Order, there is good cause for specifically delineating documents such as CR files, personnel files, employment information, and other disciplinary materials in paragraph 2 to expressly clarify the type of documents that should be designated as confidential under Defendants' proposed CPO. The facts and circumstances in every case are different, and although the Model Confidentiality Order provides the general categories of materials that should be designated as confidential, the law and the local rules allow parties to seek the additional protection of specific documents depending on the circumstances of their specific case. *See, e.g.*, *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422-23 (N.D. Ill. 2011).

In the event Plaintiff disputes the designation of specific disciplinary, employment, or other personnel records as confidential, the proposed order provides a mechanism by which to challenge the treatment of the confidential designation on a case-by-case basis, allowing for the Court to decide the issue. *See* Ex. B, at ¶10.[5] In *Gomez v. City of Chicago*, the court found that the designation of City employee personnel and employment files as confidential was appropriate, concluding that if the plaintiff "believes public disclosure of the files at issue is necessary to the prosecution of his case, he should set forth why and seek leave" before disclosing information

---

[5] This Paragraph in Defendants' CPO adopts Paragraph 9 of the Model Order.

from those files, including, if appropriate, a request for an "in camera review by this Court of the specific documents in question." 2017 WL 5517254, at *3 (N.D. Ill. Nov. 17, 2017).

Defendants' proposed CPO achieves two purposes. First, it will facilitate the discovery process by allowing for the efficient, minimally redacted[6] production of certain documents. The process needed to make a CR file IFOIA-compliant is a burdensome task. While defense counsel must review each CR file prior to production to redact personal identifying information, such as social security numbers and birthdates, that process pales in comparison to the time-consuming review and redaction involved with IFOIA compliance, which requires a page-by-page search for any information that might fall into one or more of the 37 IFOIA redaction categories. This time-consuming approach would also lead to confusion, as some pages in the file would be marked confidential while others may not be so marked within the same document. Even a cursory analysis of this possibility makes it clear that such a process would not facilitate efficient discovery in this litigation, particularly given the number of Defendant Officers whose records might be requested.

Second, Defendants' proposed CPO provides Plaintiff with a mechanism to allow disclosure of confidential information to individuals for whom disclosure is deemed reasonably necessary for the purpose of Plaintiff's investigation in this litigation. The important confidentiality interests protected by the CPO will be preserved and can be enforced by having those individuals to whom disclosure is deemed reasonably necessary acknowledge and agree in writing to be bound by the terms of the CPO and to maintain in strict confidence the confidential information provided to him or her.

---

[6] Defendants reserve the right to redact certain personal identifiers for defendants and non-defendant police officers as set forth in Section 6 of the proposed Order. *See infra*, at 12.

9

Defendants' proposed additional language tracks the language used in Confidentiality Orders entered by this Court[7] and other courts in this district. In *Iglesias*, the Court found that "speed and efficiency would be best served through entry of a modified version of Defendants' proposed protective order, which would allow CR files to be provisionally produced under a confidential designation." Ex. C, at 5. The Court further held that "Defendants' proposed redaction of identifiers and other personal information found in CR files is reasonable." *Id.* at 6.

Defendants' proposed provisions have also been included in Confidentiality Orders signed by numerous other judges. Recently, in *Gillespie*, Magistrate Judge Appenteng addressed the parties' dispute over the same language proposed by Defendants in their CPO and entered Defendants' proposed language with respect to defining confidential information in paragraph 2. *See Gillespie v. Boudreau*, No. 24 C 8019, Dkt. 121 (N.D. Ill. July 24, 2025) (M.J. Appenteng) (finding good cause to enter par. 2 and par. 6 redaction of PII and JCA info) (Ex. E). Similarly, in *Andino*, Magistrate Judge Hotaling, granted Defendants' motion for entry of the disputed language in both paragraphs 2 and 5(b)(9) finding good cause for entry of Defendants' proposed CPO. *See Andino v. Guevara*, No. 23 C 14283, Dkt. 140 (N.D. Ill. Nov. 8, 2024) (Ex. F). And again, in *Gonzalez*, Magistrate Judge McShain entered Defendants' proposed CPO language in paragraphs 2 regarding the definition of confidential information and denied Plaintiff's request for a double production of CRs. *See Gonzalez v. Guevara*, No. 22 C 6496, Dkt. 140 (N.D. Ill. Nov. 15, 2023) (Ex. G). The language was also accepted by Judge Wood in *Maysonet v. Guevara*, et al, 18-CV-2342, Dkt. 71, as well as by then Magistrate Judge Harjani in *DeLeon-Reyes v. Guevara, et. al.*, 18-CV-1028, Dkt. 150, *Solache v. Guevara, et. al.*, 18-CV-2312, Dkt. 80, and *Prince*, 2019 WL

---

[7] Defendants recognize that this Court, in *Iglesias*, did not accept the Defendants' omission of the sentence, "Information or documents that are available to the public may not be designated as Confidential Information." Defendants suggest the omission of that language is to avoid any confusion or inconsistency given the addition of the category of CRs.

3554533, each time over the plaintiffs' objections. A similar provision was also included in the orders agreed to and signed by Judge Cole in the cases of *Serrano v. Guevara et al.*, 17-CV-2869, Dkt. 116, and *Montanez v. Guevara, et al.*, 17-CV-4560, Dkt. 118, as well as by Judge Tharp in *Bailey v. City of Chicago*, 19-CV-0197, Dkt. 58 (Ex. D) ("The purpose of the discovery process governed by the Federal Rules of Civil Procedure is limited to the development of evidence relevant to the litigation, not to provide an alternative means for the public dissemination of governmental records outside the IFOIA process."), Judge Norgle in *Mims v. City of Chicago*, 18-CV-7192, Dkt. 58 (finding that, to the extent the plaintiff intends to disseminate CR files to third parties not bound by the Confidentiality Order, they must obtain copies of those files through the IFOIA process), Judge Kocoras in *Gomez v. Guevara*, et al, 18-CV-3335, Dkt. 74, and Judge Ellis in *Marcel Brown v. City of Chicago, et al.*, 19-C-4082, Dkt. 64.[8]

For the same reasons these modifications were accepted in the cases cited above, Defendants' proposed modifications to paragraphs 2 and 5(b)(9) should be accepted and entered as part of a Confidentiality Protective Order in this case.

2. **Proposed Modifications to Paragraph 4 (*Agreed*)**

Defendants propose modifications to paragraph 4 that would avoid the parties' need to re-designate portions of a deposition as confidential within 14 days of receipt of the transcript if those portions have already been sufficiently designated during the deposition. Plaintiff has agreed to these modifications.

3. **Proposed Addition to Paragraph 5(b)(2) (*Agreed*)**

Defendants also include a proposed modification adding the following italicized language in paragraph 5(b)(2):

---

[8] Notably, Plaintiff's counsel (Loevy and Loevy) also represents plaintiffs in several of the cases cited here, including *Iglesias*, *DeLeon-Reyes*, *Gomez*, *Prince*, *Montanez*, *Mims*, and *Marcel Brown*.

11

> **Parties**. Individual parties, employees of a party, *and insurance carriers of a party*, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed, *or in the case of insurance carriers, that the actual or alleged coverage or contract with the insurance carrier(s) pertains, may pertain, or allegedly pertains to the litigation*;

*See* Ex. B, at ¶5(b)(2). Plaintiff does not object to this modification. *See* Ex. B, at ¶5(b)(2). This modification would allow Defendants to share confidential information with their insurance companies, where applicable, should it become necessary during the course of the litigation.

4. **Proposed Inclusion of Paragraph 6 (*Disputed*)**

Defendants also propose the inclusion of the following paragraph:

> **6. Redaction of Personal Identifying Information**. Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery social security numbers, dates of birth, and information covered by the Juvenile Court Act, as well as, for security reasons, all references to a current or former individual police officer's, state's attorney's, or judge's confidential information about him/herself and his/her family, including but not limited to, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries..

*See* Ex. B, at ¶6. It is Defendants' position that this section is necessary to protect the personal identifying information of a police officer, state's attorney, or judge and his or her family. Allowing such information to be produced would not only violate the privacy rights of the police officer, state's attorney, or judge, but it also would pose a safety risk for that individual and his or her family. The dissemination of social security numbers and other identifying information, including such things as dates of birth for non-parties, would also be a violation of their privacy rights. Presented with this precise issue and accepting the same proposed Paragraph 6, Magistrate Judge Appenteng noted that other courts have approved similar provisions, as PII is "necessary and appropriate to protect." *Gillespie, supra* (Ex. E), at 6, *quoting Prince*, 2019 WL 3554533, at *5. Magistrate Judge Appenteng further explained that "many of the redactions are unlikely to be

material to the case because 'social security numbers or names of the officer's family members have no relevance to the underlying issues.'" *Gillespie*, *supra* (Ex. E), at 6, *quoting Prince*, 2019 WL 3554533, at *5. Magistrate Judge Appenteng overruled the plaintiff's objections to Paragraph 6's protections of the privacy interests of law enforcement individuals and their families, finding that, "sensitive information about law enforcement and their families 'could jeopardize their safety if publicly disclosed.'" *Gillespie*, *supra* (Ex. E), at 3 and fn. 1, *citing O'Malley v. Vill. of Oak Brook*, No. 07 C1679, 2008 WL 345607, at *2 (N.D. Ill. Feb. 6, 2008). Further, as suggested by Magistrate Judge Appenteng, to alleviate concerns regarding any need to contact witnesses, should plaintiff request the last known contact information of a redacted individual, Defendants are willing to confer as to the production of such information with attorneys'-eyes-only protection. *Gillespie*, *supra* (Ex. E), at 6. Further, certain documents requested in discovery from Defendants may contain information prohibited from disclosure by the IJCA (*e.g.*, the personal identifying information of juvenile suspects, offenders, and victims). The IJCA is intended to protect the interests of minors, including the confidentiality of the minor's identity and the avoidance of an invasion of the minor's privacy. *See* 705 ICLS 401/1-2; *see also Landon v. Oswego Unit School District # 308*, 2000 WL 33172933, at *1 (N.D. Ill. Feb.13, 2000); *In re K.D.*, 279 Ill. App. 3d 1020, 1024 (2nd Dist. 1996). Except for in certain circumstances that are not present here, the IJCA provides for the confidentiality of the identity of any minor who has been investigated, arrested, or taken into custody. *See* 705 ILCS 405/1-7, 705 ILCS 405/5-120, 705 ILCS 405/5-130, 705 ILCS 405/5-105. It further protects identifying information related to underage victims and alleged victims of sex offenses under any circumstances. 705 ILCS 405/5-907(2). Violation of the IJCA can result in criminal penalties and damages. 705 ILCS 405/1-7(I), (J).

Given the broad scope of the IJCA, Defendants have expressed concern with disclosing juvenile information without this Court's prior authorization to do so. Several courts have recognized this concern and accepted this protection of juvenile information in Paragraph 6. *See*, *e.g.*, *Gillespie*, *supra* (Ex. E), at 7; *Andino*, *supra* (Hotaling, M.J.) (Ex. F), at 4; *Sierra v. Guevara*, No. 18 C 3029, Dkt. 278, at 2 (May 17, 2021) (Weisman, M.J.); *Ochoa v. Lopez*, No. 20 C 2977, Dkt. 73, at ¶6 (Kim, M.J.) (May 2, 2022). In *Andino*, Magistrate Judge Hotaling found that the "Defendants have shown good cause to justify erring on the side of caution in protecting this [IJCA] information for privacy concerns." Ex. F), at 4. The court in *Andino* "deemed 'it appropriate to protect sensitive information' that in many instances has no relevance to the litigation," noting that the plaintiff could raise an issue if any redactions rendered some documents unintelligible or unusable. *Id.*, *quoting Davila v. Guevara*, No. 23-CV-1739 (Daniel, J.), Dkt. 88, at 15.

Defendants acknowledge that in *Soto v. Foster*, No. 24 C 10869, dkt 181 (June 12, 2025), this Court found redactions made pursuant to the IJCA to be inappropriate because it "creates a restriction on information that might otherwise be discoverable" and "neither side proposes a logging requirement or any designation as to the basis for the redaction." To alleviate the concerns this Court raised in *Soto*, Defendants propose that the parties could adhere to the requirement ordered by Magistrate Judge Appenteng to address this issue in *Gillespie*, which is that the producing party must identify any IJCA redactions with precision to allow a meaningful meet and confer, and then after, if necessary, seek the Court's assistance and guidance on how to produce information protected by IJCA. *See* Ex. E, at 7. This is a pragmatic approach that enables discovery while also safeguarding against needless production of protected juvenile information.

For these reasons, Paragraph 6 of Defendants' proposed CPO should be entered in its entirety.

14

**CONCLUSION**

For the foregoing reasons, this Court should enter Defendants' proposed Confidentiality Protective Order (Exhibit A) in its entirety.

Respectfully submitted,

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: */s/ Warren Fasone*  
Special Assistant Corporation Counsel

Shneur Z. Nathan  
Avi T. Kamionski  
Warren J. Fasone  
Theodore Noparstak  
Nathan & Kamionski, LLP  
206 S. Jefferson Street  
Chicago, IL 60661

*Attorneys for Defendants Estate of Rotkovich and the Estate of Pochordo*

/s/ *Daniel J. Burns*  
Special Assistant Corporation Counsel  
Terrence M. Burns  
Paul A. Michalik  
Daniel M. Noland  
Katherine C. Morrison  
Daniel J. Burns  
Burns Noland LLP  
311 S. Wacker Dr., Suite 5200  
Chicago, IL 60606

*Attorneys for Defendant City of Chicago*

By: */s Terrie C. Sullivan/*

Kenneth M. Battle  
Terrie C. Sullivan  
O'Connor & Battle  
111 W. Jackson Blvd., Suite 1700  
Chicago, IL 60604  
312-786-4600

*Attorney for Defendants Richard Beuke and Norfie Diciolla*

By: */s Joseph A. Hodal/*

Joseph A. Hodal  
Kelli Huntsman  
Cook County State's Attorney's Office  
500 Richard J. Daley Center  
Chicago, Illinois 60602

*Attorney for Defendant Cook County*

## **DEFENDANT CITY OF CHICAGO'S LOCAL RULE 37.2 CERTIFICATE OF COMPLIANCE**

   I, Daniel J. Burns, one of the attorneys for Defendant City of Chicago, attest that the parties complied with Local Rule 37.2 and Judge McNally's standing order prior to filing Defendants' Joint Motion for Entry of a Confidentiality Protective Order. Specifically, the parties participated in a meet and confer regarding this matter via telephone on September 4, 2025, and via Zoom videoconference on September 19, 2025.

                     /s/ *Daniel J. Burns*

**CERTIFCATE OF SERVICE**

      I hereby certify that on **October 1, 2025**, I electronically filed the foregoing **Defendants' Joint Motion for Entry of Confidentiality Protective Order** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to counsel of record.

                                                                                   */s/ Daniel J. Burns*