# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALDO IGLESIAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 6508 |
| v. | ) | |
| | ) | Magistrate Judge |
| REYNALDO GUEVARA; STEVE GAWRYS; ANTHONY RICCIO; ROBERT BIEBEL; JOANN HALVORSEN, as special representative for the ESTATE OF ERNEST HALVORSEN; and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) | Maria Valdez |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendants' Motion for Entry of Confidentiality Order [Doc. No. 85]. For the reasons that follow, Defendants' motion is granted in part and denied in part.

## BACKGROUND

Defendant has moved for a protective order to limit the disclosure and/or use of certain information in discovery materials. *See* Fed. R. Civ. P. 26(c). The parties agree that a confidentiality order needs to be entered in the case, but they disagree about its scope, particularly with respect to Complaint Register ("CR") files and

personal identifiers.[1] The parties' disputes begin with Defendants' proposed Paragraph 2, which defines Confidential Information, adding the following italicized language that is not part of the Model Confidentiality Order:[2]

(a) Information *protected* from disclosure by statute, *including the Illinois Freedom of Information Act (FOIA), 5. ILCS 140/1, et seq.;* \*\*\* (h) *employment, disciplinary, or other information that is of a sensitive or non-public nature regarding plaintiffs, defendants, non-party witnesses, and non-party employees of the City of Chicago. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like as well as personal and family information of police officers and state's attorneys, including residential information; and (i) any information contained within the following file materials that are otherwise prohibited from public disclosure by statute:*

> *Any disciplinary actions, files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago police officers (generally referred to as "Log Number" files, "Complaint Register" (CR) files, "Universal" (U) files, or "Extraordinary Occurrence" (EO) files, or "Non-Disciplinary Intervention" (NDI) files) (collectively hereinafter referred to as "Log Files"), or by internal Chicago Police Department "Summary Punishment Action Requests" (SPARs).* The parties reserve the right to seek greater protection of information or documents designated as Confidential Information through Court intervention or by agreement of the parties.

This definition also removes the final sentence from Paragraph 2 of the Model Order, which states that "Information or documents that are available to the public may not be designated as Confidential Information."

---

[1] Plaintiff agrees to allow the inclusion of two new sections: Paragraph 3(a), allowing belated designation of confidential documents that were inadvertently produced as non-confidential; and Paragraph 5(b)(2), giving Defendants the authority to share confidential information with their insurance company if necessary.

[2] Paragraph 2 of the Model Order defines "Confidential Information" as "(a) information prohibited from disclosure by statute; \*\*\* (e) personal identity information; (f) income tax returns; (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information."

2

In addition, Defendants' proposed order adds Paragraph 5(b)(9), which allows unredacted CR files produced under a confidential designation to be shown to third parties who agree to be bound by the Confidentiality Order; and Paragraph 6, which gives Defendants the right to redact from all produced documents social security numbers, dates of birth, information covered by the Juvenile Court Act, and all references to current or former police officers' confidential information, including home addresses, telephone numbers, and the names of family members and insurance beneficiaries.

Plaintiff proposes that in addition to producing unredacted confidential versions of CR files, Defendants produce a second set of the same files, with redactions pursuant to the Illinois Freedom of Information Act ("FOIA"), 5 Ill. Comp. Stat. § 140/1 *et seq*. Plaintiff also objects to Defendants' proposed redaction of personal identifying information in produced documents, because it would prevent Plaintiff from finding witnesses in the case.[3]

## DISCUSSION

Litigation, even of cases involving trade secrets and other confidential information, has historically been open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Courts should therefore secrete generally public information only if good cause is shown. *Jessup*, 277 F.3d at 929; *Union Oil*, 220 F.3d at 568; *Citizens First*

---

[3] Plaintiff agrees that all such information should be redacted in any publicly filed documents.

3

*Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *In re Krynicki*, 983 F.2d 74, 76-77 (7th Cir. 1992).

This Court has long held that entire CR files are not protected from disclosure by any statute, including Illinois FOIA. *See, e.g., M. v. Smith*, No. 07 C 5908, slip op. (N.D. Ill. Dec. 5, 2008); *Macias v. City of Chi.*, No. 09 C 1240, slip op. (N.D. Ill. May 5, 2010) (applying the 2010 Illinois FOIA amendments); *Kitchen v. Burge*, No. 10 C 4093, slip op. (N.D. Ill. Aug. 1, 2011). These decisions were premised on the notion that a party cannot demonstrate good cause to prevent public disclosure of information when that information is freely availably to the public through another avenue.[4] Years later, the Illinois Appellate Court, in *Kalven v. City of Chicago*, 7 N.E.3d 741 (Ill. App. Ct. 2014), *overruled on other grounds by Perry v. Dep't of Fin. & Prof'l Regulation*, 106 N.E.3d 1016 (Ill. 2018), confirmed that the Illinois FOIA amendments generally do not prevent the public disclosure of CR files. *Id.* at 747.

As *Kalven* explained, however, otherwise non-confidential CR files may contain confidential information within them, *i.e.*, information protected from disclosure by the deliberative process privilege. *See id.* at 748. Thus, wholesale public disclosure of CR files without a confidentiality review is generally inappropriate. Plaintiff acknowledges that CR files may contain confidential information, and unredacted documents should be disclosed under a protective

---

[4] For that reason, Defendant's effort to remove the sentence "Information or documents that are available to the public may not be designated as Confidential Information" is not well taken, and it must remain in the order.

4

order. Under his proposal, however, Defendants would also be required to review all CR files and redact confidential information in a second public production set. Defendants contend that the review and redaction of all CR files as proposed by Plaintiff would be unduly burdensome.

The Court finds that speed and efficiency would be best served through entry of a modified version of Defendants' proposed protective order, which would allow CR files to be provisionally produced under a confidential designation. Such a scheme saves time because it allows immediate production of the documents. Furthermore, although the burden of a confidentiality review is not prohibitive, it is a disproportionate burden for Defendants to engage in a document-by-document evaluation unless and until Plaintiff intends to file the materials or otherwise use them publicly. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record.").

The protective order should provide that if Plaintiff wishes to publicly use certain documents, he must inform Defendants, who will then review them for confidential information forthwith. Defendants are reminded of the high burden of showing good cause to secrete documents filed on the docket; they must only seek to redact genuinely confidential information. *See In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule or privilege justifies confidentiality."); *Baxter*, 297 F.3d at 545

5

("[T]hose documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."). The fact that information is kept provisionally confidential during the discovery phase of the case does not justify sealing documents a court must rely on to resolve a motion.

The Court is unmoved by Plaintiff's argument that Defendants should be required to produce a second full public set of documents since Plaintiff will initiate FOIA requests/litigation for the same documents anyway. According to Plaintiffs, ordering the duplicate redacted set to be produced through litigation instead of the FOIA process will add no burden to Defendants and will alleviate the burden to Plaintiff of litigating the FOIA issues. The federal rules, however, are unconcerned about the burden of obtaining information outside the context of federal litigation. If Plaintiff needs to obtain certain redacted documents for use in this case, he can do so under the Court's formulation of the protective order. If he wants them for other reasons, he can initiate proceedings under Illinois FOIA.

Finally, Defendants' proposed redaction of identifiers and other personal information found in the CR files is reasonable. *See Prince v. Kato*, No. 18 C 2952, 2019 WL 3554533, at *5 (N.D. Ill. July 30, 2019) ("The Court considers this type of sensitive, personal identifying information reasonably necessary and appropriate to protect in this discovery production – for example, social security numbers or names of the officer's family members have no relevance to the underlying issues.").

Defendants have already agreed to provide any necessary information if Plaintiff cannot locate a witness in the case.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Entry of Confidentiality Order [Doc. No. 85] is granted in part and denied in part. The parties are to submit a revised Confidentiality Order, consistent with this opinion, no later than 14 days from the date of this order.

**SO ORDERED.**                  **ENTERED:**

*Maria Valdez*

**DATE:    December 2, 2020**                 _____
                                                       **HON. MARIA VALDEZ**
                                                       **United States Magistrate Judge**