# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JERRY GILLESPIE, | ) | |
| | ) | Case No. 24-cv-8019 |
| Plaintiff, | ) | |
| v. | ) | District Judge Edmond E. Chang |
| | ) | |
| KENNETH BOUDREAU, et al., | ) | Magistrate Judge Jeannice W. Appenteng |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Before the Court is plaintiff's motion for a protective order, Dkt. 96, and defendants' response, which proposes an alternative protective order, Dkt. 100. The parties agree a protective order is necessary in this case, but they disagree on the content of that order. Plaintiff argues the Court should enter the Northern District of Illinois's Model Confidentiality Order ("Model Version"). Defendants argue there is good cause to enter an amended version of the Model Confidentiality Order ("Amended Version"). The Court construes defendants' response, Dkt. 100, as a cross-motion for protective order, which it grants in part for the reasons below. Plaintiff's motion for protective order, Dkt. 96, is denied.

### I. Legal Standard

Under Federal Rule of Civil Procedure 26, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To determine whether good cause exists, the Court "must balance the parties' interests, taking

into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Prince v. Kato*, No. 18-cv-2952, 2019 WL 3554533, at *2 (N.D. Ill. July 30, 2019). The party seeking protection from discovery, here the defendants, bear the burden of establishing good cause. *See id.* The Court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Id.* at *1 (citing *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007)).

## II. Analysis

### A. Definition of "Confidential Information" in Paragraph 2

Defendants propose adding the following categories to the list of information that should be designated as confidential in paragraph 2:

> (h) employment, disciplinary or other information that is of a sensitive nature regarding plaintiffs, defendants, non-party witnesses, and non-party employees or former employees of the City of Chicago and Cook County State's Attorney's Office. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like as well as personal and family information of present or former police officers and assistant state's attorneys, including residential information; and

> (i) any information contained within the following file materials that are otherwise prohibited from public disclosure by statute: Any disciplinary actions, files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago Police Officers (generally referred to as "Log Number" files, "Complaint Register" (CR) files, "Universal" (U) files, or "Extraordinary Occurrence: (EO) files, or "Non-Disciplinary Intervention" (NDI) files) (collectively hereinafter referred to as "Log Files"), or by internal Chicago Police Department "Summary Punishment Action Requests" (SPARs). The parties reserve the right to seek greater protection of information or documents designed as

>Confidential Information through Court intervention or by agreement of the parties.

Dkt. 100-2 at 3. Defendants' Amended Version also removes a provision from the Model Version that states "[i]nformation or documents that are available to the public may not be designated as Confidential Information." *Id*. Defendants argue there is good cause to enter the Amended Version because the additional language protects sensitive information for privacy and security concerns. Plaintiff contends the Amended Version is improper because it treats law enforcement's right to privacy differently than other third parties and allows defendants to "attempt to 'hide' public documents," particularly CRs and disciplinary records.

The Court finds there is good cause to include category (h) as confidential information because sensitive information about law enforcement and their families "could jeopardize their safety if publicly disclosed." *O'Malley v. Vill. of Oak Brook*, No. 07 C 1679, 2008 WL 345607, at *2 (N.D. Ill. Feb. 6, 2008) (finding good cause to mark confidential personnel records that contain information about officers and family members). Plaintiff insists the Model Version already protects this information and argues the Amended Version gives law enforcement "special treatment." Dkt. 96 at 3. The Court disagrees in part. True, the Model Version protects "personal identity information" and employment records of third parties; however, the Amended Version does not provide heightened protection to law enforcement, it merely lists the employment records and personal information of law enforcement and their families as examples of confidential information. Courts have approved nearly identical provisions in other cases, and plaintiff does not

3

distinguish his case or cite to cases that support his position. *See Prince*, 2019 WL 3554533, at *4 (finding good cause to include similar language and noting "it seeks to protect *all* parties and witnesses" not just listed examples) (emphasis in original); *Gonzalez v. Guevara, et al.*, 22-cv-6496, Dkt. 140 at 6 (N.D. Ill. Nov. 15, 2023) (noting that while the Model Version protects certain third-party records "the Court sees no harm in defendants' inclusion of more specific language and specific examples of information that falls within these categories"). Further, to alleviate plaintiff's concerns about the scope of confidential designation, the Amended Version includes the Model Version's mechanism for challenging confidentiality designations, which will allow the Court to intervene if the parties reach an impasse. *See* Dkt. 100-2 at 9.

With respect to category (i) and disciplinary records, the Court finds good cause to allow defendants to mark the files as confidential, as long as the files are not already public. Designating non-public disciplinary files as confidential allows defendants to produce the files unredacted, which promotes efficiency and transparency for the parties. The confidential designation will also protect the sensitive information contained within the files, including the names and statements of third parties, social security numbers, and personal addresses. *See* Dkt. 100 at 7-8. But defendants may not mark public files confidential. *See Myles v. Wojcik*, No. 1:23-CV-14280, 2024 WL 4802552, at *6 (N.D. Ill. Nov. 15, 2024). "Although CR files are considered public records and are subject to disclosure in response to FOIA requests, that does not mean that the CR files relevant for this

4

case have been made public." *Ochoa v. Lopez, et al.*, No. 20-cv-2977, Dkt. 59 (N.D. Ill. March 9, 2022). Thus, to the extent a CR file has been made publicly available pursuant to a FOIA request, the file cannot be designated confidential. Accordingly, the confidentiality order shall include category (i) of the Amended Version, but it must also include the following sentence from the Model Version at the end of paragraph 2: "Information or documents that are available to the public may not be designated as Confidential Information." Including both provisions strikes a balance between protecting private information contained in the files and ensuring access to public information. *See Munoz v. Guevara, et al.*, No. 23-cv-3210, Dkt. 116 (N.D. Ill. May 7, 2024) (adopting the language of category (i) and directing the parties to incorporate the provision from the Model Version); *Ochoa*, No. 20-cv-2977, Dkt. 59 (allowing defendants to designate CR files as confidential because it "allows for the flow of discovery without undue delay and without motion practice").

### B. Redactions of Personal Identifying Information in Paragraph 6

Defendants propose adding a paragraph that would allow them to redact personal identifying information ("PII") from produced documents. The proposed paragraph states:

> Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery social security numbers, dates of birth, and information covered by the Juvenile Court Act, as well as, for security reasons, all references to a current or former individual assistant state's attorneys and police officer's confidential information about him/herself and his/her family, including but not limited to, social security number, home addresses, home and cellular telephone number(s), personal email address(es), and the names of family members and the names of insurance beneficiaries.

Dkt. 100-2 at 7. Defendants argue there is good cause to include the proposed language because it is intended to protect the privacy and safety of individuals not involved in the lawsuit. Dkt. 100 at 8-10. Plaintiff objects, arguing the added language is improper because it provides defendants with unilateral access to witness contact information and includes an unnecessary reference to the Juvenile Court Act ("JCA").[1] Dkt. 96 at 3.

The Court finds that protecting the personal information of third parties constitutes good cause to include the proposed language in paragraph 6. Other courts have approved similar provisions, explaining PII is "necessary and appropriate to protect." *Prince*, 2019 WL 3554533, at *5; *see also Munoz*, No. 23-cv-3210, Dkt. 116. Further, many of the redactions are unlikely to be material to the case because "social security numbers or names of the officer's family members have no relevance to the underlying issues." *Prince*, 2019 WL 3554533, at *5. However, the Court appreciates that some redactions may encompass witness contact information, and that requiring plaintiff to request redacted contact information risks disclosing work product. *See Myles*, 2024 WL 4802552, at *7. To balance protecting an individual's PII and plaintiff's work product, the parties shall meet and confer about adding a provision that requires producing counsel to provide opposing counsel with the last known contact information of any redacted individual. *Id.* The contact information shall be produced as "attorneys' eyes only."

---

[1] To the extent plaintiff objects to paragraph 6 because it references the privacy interests of law enforcement individuals and their families, the objection is overruled for the reasons set forth in Section A.

6

To alleviate concerns about broad redactions pursuant to the JCA, the parties shall include a provision that requires the producing party to identify JCA redactions. This will allow the parties to meaningfully meet and confer about disputed redactions and seek Court intervention if necessary. *See Martinez v. Reynaldo Guevara, et al.*, No. 23-cv-1741, Dkt. 154 (N.D. Ill. Apr. 15, 2024).

## CONCLUSION

For the reasons stated above, plaintiff's motion for protective order is denied. Defendants' motion for protective order is granted in part. Within 14 days, the parties shall revise defendants' Amended Version consistent with this Order and send it to Proposed_Order_Appenteng@ilnd.uscourts.gov.

**So Ordered.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 7/24/2025

7